## THE FIDELITY & DEPOSIT COMPANY OF MARYLAND

*v.*

## THE UNITED STATES, TO THE USE OF SMOOT.

PRINCIPAL AND SURETY; BUILDING CONTRACTORS' BONDS, ACTIONS UPON; SEVENTY-THIRD RULE; PLEADING AND PRACTICE.

1. The bond required by the act of Congress of February 28, 1899, of contractors for public work for the District of Columbia, to secure the payment by the contractor for labor and material furnished him upon the work contracted for, creates a special lien in favor of persons furnishing labor and materials upon the work, and affords a substitute for the building or work, which, in private contracts, is the thing charged; *following* Marble Co. v. Burgdorf, 13 App. D. C. 506; Richards' Brick Co. v. Rothwell, 18 Id. 516.

2. An action brought against the surety on such a bond by a materialman who has furnished material to the contractor, is an action *ex contractu,* in which the plaintiff is entitled to a summary judgment under the Seventy-third Rule of the lower court if his declaration is supported by an affidavit as provided for by that rule,

and the defendant's plea is unsupported by an affidavit or if his affidavit is insufficient.

3. An affidavit of defense, in such an action, by the surety is not sufficient which states merely that the affiant has not sufficient information to be safe in either admitting or denying the plaintiff's claim but calls for strict proof thereof, and claims that the defendant is entitled to a trial by jury.

4. Profert of the bond is not required to be made by the plaintiff, in such an action; and where no formal written contract was made between the contractor and the materialman, relating to the materials furnished by the latter, it is sufficient for the plaintiff to state in his declaration and affidavit that he agreed to furnish certain materials at a certain price, for use by the contractor, that he did furnish the same in specific amounts, and that the contractor received and used them in carrying out his contract with the District, and refused to pay the sum due for them.

No. 1205.  Submitted June 6, 1902.  Decided June 23, 1902.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon a motion of the plaintiff for judgment under the Seventy-third Rule of that court for want of a sufficient affidavit of defense, in an action on a building contractor's bond.    *Affirmed.*

The facts are sufficiently stated the opinion.

*Mr. L. H. Poole* for the appellant.

*Mr. Crandal Mackey* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant, The Fidelity and Deposit Company of Maryland, is a surety company authorized to become surety on bonds given by contractors for public works in the District of Columbia, and appeals from a summary judgment rendered against it under the Seventy-third Rule of the Supreme Court of the District.

The bond was executed by appellant as surety for one Peyton D. Vinson, with whom a contract for certain public

work had been entered into by the District Commissioners, and which, in addition to securing the faithful performance of said contract, was intended also to secure the payment by the contractor for all labor and materials furnished him in the prosecution of his said contract. The bond is identical with that required by the act of Congress of August 13, 1894 (28 Stat. 278), relating to contracts with the United States, and was given under the act of February 28, 1899, making the same provision for contracts with the District of Columbia. (30 Stat. 906; R. S., Supp., Vol. 2, Part 8, p. 948.)

The purpose and practical effect of this act is to create a special lien in favor of persons furnishing labor and materials to such a contractor, and to substitute the bond for the building, which, in private contracts, is the thing charged. *Marble Co.* v. *Burgdorf,* 13 App. D. C. 506, 519; *Richards Brick Co.* v. *Rothwell,* 18 App. D. C. 516, 536, 537.

Appellee, as plaintiff below, procured a copy of the bond under the requirements of the statute, and filed his suit thereon, alleging the contract by Vinson with the District, the execution of the bond by Vinson as principal, and appellant as surety, the furnishing of certain materials to said Vinson for the execution of his contract, the agreed price thereof, and the failure of Vinson to pay a balance due thereon of $536.06. These allegations were supported by an affidavit under the requirements of the Seventy-third Rule.

The appellant filed six pleas, denying indebtedness and breach of the conditions of the bond.

With these pleas was filed the following affidavit of defense:

"J. Sprigg Poole, being first duly sworn, deposes and says:

"1. That he is now, and for ten years last past has been, the general agent for the District of Columbia of The Fidelity and Deposit Company of Maryland, the defendant in the above-entitled cause.

" 2. That the said defendant admits the execution of the bonds as alleged in the declaration in said cause.

" 3. That the said defendant, its officers and agents, have no personal knowledge of the contracts alleged in said declaration to have been entered into by and between Lewis E. Smoot and Peyton D. Vinson, or of the indebtedness alleged to be due from said Vinson to said Smoot under said alleged contracts; that the said defendant, its officers and agents, have not sufficient information, in the opinion of the affiant and of the counsel of said defendant, its attorney of record in said cause, to be safe in admitting or denying under oath the allegations of said declaration in regard to said contracts between said Smoot and Vinson, or the indebtedness thereunder, and in so far as said defendant is sought to be charged with the payment of said alleged indebtedness from Vinson to Smoot it calls for strict proof of said alleged indebtedness.

" 4. That said defendant is advised by its counsel that it is entitled under the law of the land to trial by jury as to the truth of the allegations of the declaration in regard to said alleged contracts between the said Smoot and Vinson and the alleged indebtedness under said contract; that said defendant does not waive, but expressly claims, the benefit of the right of trial by jury, and prays that this honorable court will not enter judgment against it, the said defendant, without trial by jury upon the issues tendered by the pleas filed to said declaration.

" That this prayer for trial by jury is not made for the purpose of delay, but solely because the defendant is advised by counsel and believes that, under the law of the land, it is entitled to trial by jury in this cause, and that it cannot waive or surrender that right without exposing itself to the danger of being deprived of its property without due process of law."

The plaintiff's motion for judgment was correctly sustained. His affidavit fully satisfied the requirements of the rule. The action was not for damages for the breach of his contract with Vinson, and hence not governed by the case cited by appellant. *Deane* v. *Echols,* 2 App. D. C. 522, 528.

His action is one " arising *ex contractu,*" as provided in the Seventy-third Rule, and is in accordance with the terms of the statute conferring the right of action upon the public contractor's bond, being for the contract price of certain materials furnished to said contractor for the execution of his contract and for which he had failed and refused to pay. *American Bonding & Trust Co.* v. *Lincoln,* 15 App. D. C. 397.

That action was upon a contractor's bond executed to the United States under the terms of the act of 1894, heretofore referred to, to recover the value of materials furnished. The point upon which appellant relies in argument, and in accordance with which his affidavit has been framed, was not urged in that case and hence was not expressly decided. The point is, substantially, that the Seventy-third Rule was not intended to apply to an action against a surety on a contractor's bond.

We perceive no reasonable ground whatever, for excepting the surety from the operation of a rule plainly applicable to his principal. That he may have no actual, personal knowledge of the state of the account between his principal and the creditor is of no material importance. Having voluntarily entered into the obligation, he takes it with its burdens, one of which is that he is charged with the knowledge of his principal. Consequently he must deny the justice of the demand under oath, or become liable, like his principal, to the summary judgment.

There is no merit in the formal objections urged to the declaration and supporting affidavit of the plaintiff. The bond is alleged to have been executed in accordance with the formal provision of the statute which makes it a public record, and *profert* of it was not required to be made. It is nothing more than a simple statutory obligation to pay any and all demands against the contractor of the nature claimed by the plaintiff. It does not appear that there was any formal written contract between the contractor and the plaintiff relating to the materials furnished by the latter, upon the necessary interpretation of which the liability in whole or

in part depends. For the purposes of recovery it was sufficient to say, as was done, that plaintiff agreed to furnish certain materials at a certain price, for use by the contractor, that he did furnish the same in specific amounts, and that the contractor received them and then refused to pay the sum due for them.

The judgment will be affirmed, with costs; and it is so ordered. *Affirmed.*