**BRECKENRIDGE, to Use of CALVERT FIRE INS. CO. v. MEBANE et al.**

No. 935.

Municipal Court of Appeals
District of Columbia.

Argued Aug. 16, 1950.

Decided Aug. 31, 1950.

James A. Willey, Washington, D. C., Charles Iversen, Washington, D. C., on the brief, for appellant.

C. Reginald Audrick, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

We are asked to review an order vacating a default judgment. The action was one against appellees for damages growing out of an automobile collision. An answer was filed on behalf of defendants, but on the trial date, October 6, 1949, neither they nor their attorney responded to the call. Plaintiff proceeded to prove his damages ex parte and judgment was ordered in his favor for $374.10, the full amount of his claim. The default judgment was entered on the docket on December 2, 1949.

On February 17, 1950, attorney for defendants filed a motion to vacate the judgment, stating as his principal ground that he had not received proper notice of the trial date. Defendants' attorney failed to appear for the hearing on the motion and it was overruled. On March 13, 1950, he filed a second motion to vacate in which he claimed that he had been unable to attend the hearing on the earlier motion because of his presence in another court, and had so informed the assignment clerk of the Municipal Court by telephone on that day. At the hearing of the second motion on March 23, 1950, the record recites that: "The attorney for plaintiff stated to the Court that he had personally discussed the case with defendants' attorney just prior to the trial date and that the attorney for the defendants was then aware of the date set for trial; that defendants' attorney informed him that he, defendants' counsel, had not received his fee and that if he did not get it by the morning of the trial, he did not intend to appear, and that plaintiff's counsel might do as he pleased; these statements were not denied by defendants' counsel." The trial court granted the motion and ordered the judgment vacated, and plaintiff has brought this appeal.

We rule that it was beyond the power of the trial court to set aside the judgment because the motion to vacate, filed March 13, 1950, came more than three months after the entry of judgment and hence was too late. The situation is governed by our ruling in Mike's Manufacturing Company v. Zimzoris, D.C.Mun.App., 66 A.2d 414. There we noted that Municipal Court Rule 53(b),[1] as adopted October 22, 1947, authorized the court to act only on motion

---

1. Class "A" Rule 53 is made applicable to "B" actions such as this one by Rule 10 of the Class "B" Rules.

and imposed an absolute time limitation of three months on all such motions for relief from judgments taken against parties due to their mistake, inadvertence, surprise or excusable neglect. Accordingly we held that such time limitation was jurisdictional and incapable of enlargement. On April 1, 1950, subsequent to the filing of the motion here involved, extensive amendments to Rule 53(b) became effective[2] bringing the rule into conformity with amended Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. It is significant to note, however, that whereas the time limit in Federal Rule 60(b) was increased by the 1948 amendment from six months to one year, the Municipal Court still retained the same three months limitation for motions to vacate based on mistake and excusable neglect.

It is true that the first motion to vacate came within the prescribed three months period; but it was overruled. And we find nothing in the record or in the memorandum opinion filed by the trial court which gives any reason to stay the running of the period or to give life to a motion subsequently filed out of time. Nor would there be any basis for treating the second motion as a continuation or attempted reopening of the earlier motion. It was not denominated as a motion for reconsideration or rehearing, nor did counsel attempt to tie it in with the earlier motion; nor did the trial court in its memorandum treat it as other than a new, independent motion.

As we have observed, the controlling rule allowed the trial court to act only on motion and there is no escaping the fact that the earlier motion having been definitely overruled, the motion of March 13 stood by itself as the only outstanding motion upon which the trial court could have acted when it undertook to vacate the judgment. And since that motion was clearly filed too late, the trial court was without jurisdiction to entertain it.

Reversed with instructions to set aside the order of April 25, 1950 vacating the judgment below.

**2.** See 78 W.L.R. 125, 181, 213.