### DAVIS et al. v. PEISNER.
### No. 1319.

Municipal Court of Appeals for the District of Columbia.

Argued April 13, 1953.

Decided May 14, 1953.

John Alvin Crogham, Washington, D. C., for appellants.

John S. Chudzik, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants brought an action against appellee for the wrongful detention of an airplane. They claimed $448 compensatory and $2,000 punitive damages. Suit was filed June 14, 1952, and personal service was had on appellee July 2. No motion, answer or other responsive pleading having been filed within the required period,[1] a default judgment was entered on July 28, subject to ex parte proof of damages.[2] An answer to the complaint was filed the same day, but the record does not disclose whether the answer was filed before or after the entry of the default judgment. On August 7 ex parte proof was taken and the minute entry on the docket reads: "Judgment after Soldiers and Sailors Affidavit (Ex Parte)." The judge requested appellants to submit a brief in support of their claim for punitive damages. This was done and on November 24, 1952, the request for punitive damages was denied. On December 3, 1952, appellants filed an affidavit in compliance with the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C.A.Appendix, § 501 et seq.,[3] and the following entry was made

---

1. Municipal Court rule 12(a).

2. Municipal Court rule 39(A) (b).

3. The Act requires an affidavit that the defendant in default is not a member of

as of that date: "Judg for Pltf on Ex Parte Proof for $448.00 plus 6% int from date and costs." Appellee had no notice of any of these proceedings until his bank account was attached. On December 16, 1952, he filed a motion to vacate the default judgment, which was subsequently granted. Appeal is taken from the order granting the motion.

Appellants make no claim of abuse of discretion in the trial court's decision but contend that rule 60(b) of the Municipal Court precluded appellee from having the judgment vacated. The rule provides that the court on motion may relieve a party from a final judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The rule also provides that the motion shall be made within a reasonable time, and when made for mistake, inadvertence, surprise, or excusable neglect, must be made not more than three months after the judgment, order, or proceeding was entered or taken. Appellants maintain that the final judgment was entered on August 7 and that the motion to vacate filed on December 16 was untimely under the rules.

It is, as appellants contend, well settled that such a motion must be made within 90 days, as the time limit is a jurisdictional one and cannot be enlarged by the trial court.[4] But we do not agree that the judgment was entered on August 7. On that date the court heard proof as to compensatory damages but reserved its decision on the question of punitive damages. The decision on that question was not made until November 24. It cannot be said that the court's denial of punitive damages on that date made the judgment retroactive to August 7. Appellants filed a single complaint based on one cause of action and praying for a single judgment. The fact that their total claim was the sum of their items of compensatory and punitive damages cannot make two causes of action out of one, nor two judgments out of one. The

record makes it clear that the default judgment was not finally entered until December 3, 1952, when an affidavit in compliance with the Soldiers' and Sailors' Civil Relief Act was filed. Hence appellee's motion to vacate filed December 16 was timely. Rule 60(b) applies to *final* judgments, and the time does not begin to run until the judgment is *final*. It is to be noted that the docket entry of August 7 states: "Judgment after Soldiers and Sailors Affidavit," while the entry of December 3 states the amount of the judgment, including costs and interest from that date.

As we are affirming, we find it unnecessary to discuss the question of notice due to the appellee under rule 55(b). We find no merit in appellants' remaining statement of error.

Affirmed.

the military service. Cf. Municipal Court rule 39(A) (a).

4. Breckenridge, to Use of Calvert Fire

Ins. Co. v. Mebane, D.C.Mun.App., 75 A. 2d 441; Mike's Mfg. Co. v. Zimzoris, D. C.Mun.App., 66 A.2d 414.