**ALLEN v. TRIVETT.**

No. 1358.

Municipal Court of Appeals for the District of Columbia.

Argued July 13, 1953.

Decided Aug. 6, 1953.

---

1. See Brooks v. District of Columbia, D. C.Mun.App., 48 A.2d 339.

2. Dowell v. United States, D.C.Mun.App., 87 A.2d 630.

Herman Miller, Washington, D. C., for appellant.

Katherine M. Staley, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was sued by a tenant for double the amount of rent alleged to have been paid in excess of the legal rent ceiling. The complaint asked judgment for $550 plus reasonable attorney's fees and costs. Although personally served appellant made no appearance and judgment by default was taken for the amount claimed plus attorney's fee of five per cent and costs. More than three months thereafter appellant moved to vacate the judgment. This appeal is from a denial of that motion.

The first point raised here (and it was not raised below) is that the judgment was void. The contention is made that the judgment was entered under rule 39A (a) [1] of the trial court and that it could not be lawfully entered under that rule because the action was not one arising ex contractu, and furthermore that the verification of the complaint failed to state that the sum claimed was "exclusive of all set-offs."

It will be observed that rule 39A (a) relates to the entry of default judgments by the clerk. Rule 55 of the trial court, based on Fed.R.Civ.P. 55, 28 U.S.C. A., provides that entry of default by the clerk shall be in accordance with rule 39A and that in all other cases application for default judgment shall be made to the court. The power of the clerk to enter a default judgment is strictly limited by the provisions of rule 39A (a), but the limitations imposed by that rule have no application to default judgment entered by the court. Rule 55(b) gives the court a broad discretion in determining what proceedings, if any, are necessary in an individual case before entering judgment by default. In a case such as this we could not say it was an abuse of discretion to enter judgment by default without ex parte proof. Therefore the merits of appellant's first contention depend upon whether the judgment was entered by the clerk or by the court.

If we are guided by the record alone it would clearly appear that the judgment was ordered by the court, because both the jacket and docket entries showing the judgment indicate that it was by Judge Neilson. We are informed that it is the practice in the clerk's office in entering judgments by default under rule 39A (a) to always indicate the name of the judge then sitting in motions court. However that may be, it is clear from the record that the fixing of the attorney's fee was done by Judge Neilson and, of course, the clerk has no authority to fix such fees. We must assume that a judge, before fixing attorney's fees in a default case, will study the record and determine the propriety of entering judgment by default. His act in fixing attorney's fees in effect constitutes his approval and direction of the judgment. We must therefore hold that the default judgment was by or-

1. "In any action arising ex contractu, when the plaintiff's claim against a defendant is for a sum certain or for a sum which by computation may be made certain, and the plaintiff shall have filed, at the time of bringing his action, a complaint verified by himself or by his agent, or shall have filed with his complaint an affidavit executed by himself or by his agent, and if said verified complaint or said affidavit shall set out the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and a copy of said verified complaint or affidavit shall have been served upon the defendant, the clerk, upon request of the plaintiff or of his attorney, shall enter judgment for that amount and costs against the defendant, if the defendant is in default for failure to appear and defend, as provided in Rule 12, and provided further if the plaintiff or his attorney shall file at the same time an affidavit in compliance with the Soldiers and Sailors Civil Relief Act of 1940, as amended."

der of the court and that rule 39A (a) has no application.

 The second point made by appellant alleges error on the part of the trial court in holding that due to the lapse of more than three months from entry of judgment to motion to vacate, it had no authority to set aside the judgment. Trial court rule 60(b) (1) (3), based on Fed.R.Civ.P. 60(b) (1) (3), provides that the court may relieve a party from a final judgment by reason of mistake, inadvertence, surprise or excusable neglect, or for fraud, misrepresentation or other misconduct of an adverse party, if motion be made not more than three months after the judgment was taken. . Appellant attempts to avoid that time limitation by asserting that the trial court had power to grant relief under rule 60(b) (6) which, like Fed.R.Civ.P. 60 (b) (6), permits relief for "any other reason justifying relief from the operation of the judgment," provided motion is made "within a reasonable time."

Fed.R.Civ.P. 60(b) (6) has been the subject of considerable discussion in the federal courts, including at least two occasions in the Supreme Court,[2] but its scope and purpose have not been defined with exactness and probably cannot be. We are convinced that rule 60(b) (6) with its indefinite "reasonable time" limitation was not intended to be and cannot be used to nullify, the definite time limitation imposed on motions coming within rule 60(b) (1) (3). An examination of the record before us shows no ground for setting aside the default other than mistake, inadvertence, surprise or excusable neglect, and a claim of misconduct on the part of the adverse party, and the Municipal Court rule specifically requires that a motion based on these grounds be filed within three months. The motion was not filed within that period and the trial court was correct in denying it.

Affirmed.

2. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266; Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207.