**Lucy HOLDEN, Appellant,**

v.

**Donald PETERS, Appellee.**

No. 1643.

Municipal Court of Appeals for the District of Columbia.

Submitted June 20, 1955.

Decided July 25, 1955.

Rehearing Denied Aug. 8, 1955.

Stanley Klavan and Joseph D. DiLeo, Washington, D. C., for appellant.

Jacob Sheeskin and Seymour Berry, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Lucy Holden sued appellee Donald Peters for money loaned and obtained judgment by default. Some months later, on defendant's motion, the trial court vacated the judgment. Plaintiff asks us to reverse that ruling.

The suit was filed in August 1954 and defendant was promptly served with process; but he failed to appear or file an

answer. The default judgment was entered against him December 24, 1954. Later an attachment was issued and certain credits were seized in the hands of defendant's employer. Then for the first time defendant came into court and through counsel filed an answer and a motion to vacate the judgment and quash the attachment. He supported the motion by an affidavit reciting that he had gone to the office of plaintiff's attorney and "explained his defense" to a lawyer there, and that he thought that was the equivalent of serving an answer as required by the summons. The lawyer to whom he had talked submitted an affidavit reciting that in his discussion with defendant he inquired if there was any possibility of settlement and finding that there was none, told defendant that there was no alternative except to try the case in court; that defendant then left, saying that he would get a lawyer to prepare an answer to the suit. In the agreed statement on this appeal, signed by all counsel and approved by the trial judge, it is "expressly agreed" that neither plaintiff's attorney or his associate had done anything "to mislead the defendant or in any way interfered or hindered his appearing in the action or filing an answer prior to the entry of the default judgment."

At the hearing of the motion to vacate, counsel contended that defendant was "mistaken" as to what action he was required to take after process was served upon him, and was entitled to relief under two provisions of Municipal Court Rule 60(b), which is patterned after F.R.Civ.P. 60(b), 28 U.S.C.A.

The first of these subsections authorizes relief on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect". The other provision is based on "(6) any other reason justifying relief from the operation of the judgment." Resisting these arguments, plaintiff argued that defendant had shown no right to relief; and she further insisted that the court had no jurisdiction to grant the relief prayed because the motion to vacate was filed more than three months after the entry of judgment, and was therefore too late under the provisions of the rule in question. The trial court ruled that it had "both jurisdiction and discretion" in the matter and granted the motion to vacate and quashed the attachment.

■ We must rule that the motion to vacate was filed too late and that the trial court was without power to grant it. Defendant having expressly disavowed any claim of fraud, misrepresentation or other misconduct by plaintiff's attorney, it is clear that his only claim to relief had to be based on mistake or excusable neglect. And the language of Rule 60(b) imposes an express limitation of three months within which a party making such a claim must move for relief. That limitation is jurisdictional and may not be ignored.[1]

■. Examining defendant's claim that he was entitled to relief under the catch-all language of clause numbered (6) of the Rule, we find some general assertions made; of these only one is worthy of discussion. It is the claim that plaintiff would not be prejudiced by the vacating of the judgment. This claim must be rejected. To lose the benefits of a judgment and an attachment lien is to lose substantial rights resting on a preferred status. See Blacker v. Rod, supra. Furthermore, in the situation we have here Rule 60(b) (6) does not apply. Allen v. Trivett, D.C.Mun.App., 98 A.2d 787, 788.

■ A different jurisdictional question (not mentioned in the trial court) is raised by appellee. It is that the time limitation did not apply because the judgment was void. He refers to Municipal Court Rule 39, sec. A which authorizes the clerk to enter a default judgment when a plaintiff has filed a verified complaint or an affidavit setting out the sum he claims to be due "exclusive of all set-offs and just grounds of defense". Appellee

[1]. Davis v. Peisner, D.C.Mun.App., 96 A.2d 512; Blacker v. Rod, D.C.Mun.App., 87 A.2d 634.

says that because the quoted words were not included in plaintiff's sworn statement the judgment is a nullity.

Whenever a clerk has power to enter a default judgment on his own authority and not by direction of a judge, such power is limited in scope.[2] We recognized that limitation in Allen v. Trivett, supra. There the contention was similar to that advanced in this case; and there was also the more serious question whether the action was *ex contractu* as required by the rule. The question was whether in entering the judgment the clerk was acting on his own authority or by direction of the court. We said that the situation would "depend upon whether the judgment was entered by the clerk or by the court", and we concluded that it had been entered by the court. We did not say that such a judgment would be void if entered by the clerk; nor are we persuaded that such is the situation here. The action was clearly *ex contractu*: being for money loaned it was a simple action in debt. All the other provisions of the rule were fully met; the claim was for a sum certain; plaintiff did file a complaint officially verified before a notary public; a copy of the complaint was served on defendant; defendant was in default; and plaintiff did file an affidavit in compliance with the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, § 501 et seq. Defendant has never suggested that he had any set-off to plaintiff's claim; and as to "just grounds of defense" he never informed the court what his defense was but said merely, "defend-ant denies each and every other allegation contained in the complaint."

If plaintiff's sworn statement were basically defective, or otherwise violated the authorizing rule, we would have a different situation. But on the record before us we think it would be unrealistic and over-technical as well to rule that the omission of the few words in question was fatal and rendered the judgment void. Such a ruling would not be in keeping with the policy reflected in Rule 8(f) that, "All pleadings shall be so construed as to do substantial justice", which are the same words adopted by the Supreme Court almost two decades ago for the guidance of Federal courts.

This court has frequently and consistently come to the aid of litigants who have lost their way in the legal forest and who deserved a trial on the merits. We cannot do so in this case because we have two clear defaults, the second of which created an obstacle, jurisdictional and insurmountable.

Reversed.

HOOD, Associate Judge (dissenting).

I would affirm on the ground that the clerk had no authority to enter the judgment. One requirement for entry of default judgment by the clerk is that the verified complaint or affidavit shall set out the sum plaintiff claims to be due "exclusive of all set-offs and just grounds of defense."[1] The verification in the pres-

---

2. 49 C.J.S., Judgments, § 205; 31 Am. Jur., Judgments, § 513.

1. Rule 39, Section A(a): "In any action arising *ex contractu*, when the plaintiff's claim against a defendant is for a sum certain or for a sum which by computation may be made certain, and the plaintiff shall have filed, at the time of bringing his action, a complaint verified by himself or by his agent, or shall have filed with his complaint an affidavit executed by himself or by his agent, and if said verified complaint or said affidavit shall set out the sum he claims to be due, ex-clusive of all set-offs and just grounds of defense, and a copy of said verified complaint or affidavit shall have been served upon the defendant, the clerk, upon request of the plaintiff or of his attorney, shall enter judgment for that amount and costs against the defendant, if the defendant is in default for failure to appear and defend, as provided in Rule 12, and provided further if the plaintiff or his attorney shall file at the same time an affidavit in compliance with the Soldiers and Sailors Civil Relief Act of 1940, as amended."

ent case failed to meet 'this requirement, and the clerk has no authority to waive any requirement of the rule. Cf. Williams v. Bradley, 2 App.D.C. 346. I think the judgment was void and relief therefrom was not controlled by the three months' limitation of Rule 60(b). If not void it was so irregular as to warrant relief under ground (6) of that rule.