John G. SAUL, Assignee of Thomas T. Graham, Appellant,

v.

Sam STOPPA, Appellee.

No. 1680.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 7, 1955.

Decided Oct. 26, 1955.

John G. Saul, Washington, D. C., for appellant.

E. Lewis Ferrell, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On a very unsatisfactory record we are asked to rule that the trial court was in error in setting aside two default judgments and entering judgment for defendant after a trial on the merits.

The action was one to recover rent alleged to be due by defendant to plaintiff's assignor. The first judgment by default was on December 4, 1953. Within the three-month time limitation imposed by the trial court's Civil Rule 60(b) the trial court, on motion of defendant who appeared by counsel, vacated and set aside the judgment. There is no showing in the record of any abuse of discretion in so doing.

Appellant apparently assumed that in vacating the default judgment the trial court quashed service of process, but the record does not disclose that this was done. At any rate appellant issued new process and again obtained judgment by default. The second default judgment was set aside more than nine months after entry, and appellant contends that under our ruling in Allen v. Trivett, D.C.Mun.App., 98 A.2d 787, the court acted beyond its authority. That case is not controlling here. If the original service of process was not quashed, then issuance of the second process was a useless act. Defendant was already in court and represented by counsel of record. In his affidavit supporting his motion to vacate the first default, appellee had set forth a defense to the merits. The trial court in vacating the second default may have considered this affidavit to be at least an informal responsive pleading to the complaint and that the second default was improperly entered. On the record before us we cannot hold that there were not sufficient reasons for setting aside the judgment under ground (6) of Rule 60(b). Cf.

Harco, Inc., v. Greenville Steel & Foundry Co., D.C.Mun.App.; 112 A.2d 920.

■ Finally, appellant claims there was error in denying him recovery when the case was heard on its merits. The record shows that at trial appellant testified to the assignment of the claim to him and made "a further statement in corroboration thereof that assignee had personal knowledge of the merits and facts prior to receiving the assignment, which knowledge in the form of facts on the merits was testified to." On this vague and indefinite recitation of the evidence we cannot hold there was error in denying recovery.

Affirmed.