Jesse J. ELLISON, Appellant,

v.

HOLLYWOOD CREDIT CLOTHING CO.,
Inc., a corporation, Appellee.

No. 1746.

Municipal Court of Appeals for the
District of Columbia.

Argued Feb. 20, 1956.

Decided March 20, 1956.

Melvin M. Feldman, Washington, D. C.,
with whom Irving A. Levine and Irving L.
Chasen, Washington, D. C., were on the
brief, for appellant.

Alvin L. Newmyer, Jr., Washington, D.
C., with whom Jack Politz, Washington, D.
C., was on the brief, for appellee. Alvin L.
Newmyer and David G. Bress, Washington, D. C., also entered an appearance for
appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The question to be decided on this appeal
is whether a default judgment should have
been set aside by the trial court. Hollywood
Credit Clothing Company, Inc., sued appellant and his wife for the balance due on
an unpaid account. Service was had on appellant but not on his wife and after he failed to appear, default judgment was entered
against him on November 19, 1953. The
following month an attachment was issued
and certain credits were seized in the hands
of appellant's employer.

On December 7, 1953, appellant and his
wife (now deceased) sought relief through
the Legal Aid Office of the District of Columbia Bar Association. After investigation, which disclosed that the purchases had
been made by appellant's wife prior to their
marriage, a representative of Legal Aid
telephoned the credit manager of Hollywood
in an attempt to effectuate an agreement
whereby appellant's wife would assume payments on the account. The following day
a praecipe was filed, which had been signed

by appellant's wife, waiving service of summons and confessing judgment for the full amount. On the same day another praecipe was filed, which had been signed by the attorney representing Hollywood and countersigned by appellant, releasing the attachment with the understanding that Hollywood would retain twenty dollars of the funds seized and apply it to the indebtedness, and with the further agreement that appellant's wife would pay two dollars per month thereafter on the judgment. Certain payments were made and in August 1955 appellant's wife died. The following month additional credits of appellant were seized, whereupon he filed a motion to vacate the judgment, quash the garnishment and release the funds condemned. At the hearing there was conflict in the testimony as to whether Hollywood, in addition to releasing the attachment, had also agreed to set aside the default judgment as to appellant when his wife voluntarily appeared and confessed judgment. The motion was denied and it is from this ruling that appellant appeals.

■ It appears that the parties agreed at the time of hearing that appellant was requesting relief under Municipal Court Rule 60(b).[1] This rule provides that the court may relieve a party from a final judgment by reason of mistake, inadvertence, surprise or excusable neglect, or for fraud, misrepresentation or other misconduct of an adverse party, if motion be made not more than three months after the judgment was taken. Here, the motion was filed twenty-three months after entry of judgment. Appellant attempts to avoid the time limitation by asserting that the trial court had power to grant relief under Rule 60(b) (6) which permits relief for "any other reason justifying relief from the operation of the judgment", provided motion is made "within a reasonable time." Rule 60(b) (6) with its indefinite "reasonable time" limitation was not intended to be and cannot be used to nullify the definite time limitation imposed on motions coming within 60(b) (1, 3).[2]

■ The record before us reveals no ground for setting aside the default judgment other than mistake, inadvertence, surprise or excusable neglect, and a claim of misconduct on the part of the adverse party. It is plain that a motion based on these grounds must be filed within three months. Since appellant filed his motion some twenty-three months after entry of the judgment, the trial court was without power to grant relief.[3]

Affirmed.

1. Municipal Court Rule 60(b) is substantially the same as Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

2. Allen v. Trivett, D.C.Mun.App., 98 A.2d 787.

3. Holden v. Peters, D.C.Mun.App., 116 A. 2d 155.