John G. HODGSON, Appellant,

v.

TZE CHANG TANG, Appellee.

No. 2392.

Municipal Court of Appeals for the District of Columbia.

Argued May 18, 1959.

Decided Sept. 18, 1959.

Axel W. Oxholm, Washington, D. C., for appellant.

James B. Goding, Washington, D. C., Neil B. Kabatchnick, Washington, D. C., on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from an order of the trial court denying appellant's motion to vacate a default judgment. The answer turns on whether the court abused its discretion in denying the motion; consequently, we summarize the record facts before the court when it rendered its decision.

Appellee sued appellant for the return of a cash deposit made by appellee in connection with a contract for the purchase by him of certain real estate owned by appellant. Claiming misrepresentation as to the condition of the property, he demanded the return of the deposit which was refused by appellant. The latter answered denying liability. Appellee then served interrogatories on appellant under the provisions of Rule 33. They were never answered. Sometime later the case was dismissed without prejudice under the provisions of Rule 41(e) because of the supposed dilatoriness of appellee for six months; both parties were notified of this dismissal by the clerk. Presumably, the clerk had overlooked the fact that appellee had filed the interrogatories approximately two months prior to the order of dismissal. Appellee then filed a motion to vacate the dismissal on the ground that the filing of the interrogatories prevented the operation of Rule 41(e). The clerk notified both parties of the setting of this motion for hearing at a future date; the court granted the motion and vacated the dismissal.

Appellee then filed a motion to enter a default, under the provisions of Rule 37(d), because of the failure of appellant to answer the interrogatories.[1] The clerk sent notice to both parties that this motion would be heard on the date mentioned in the notice. On the hearing date the motion was granted and a default was entered subject to *ex parte* proof; thereafter, such proof was furnished and a default judgment rendered; the clerk did not notify appellant of this default or judgment.

Five months later appellant filed his motion to vacate the default judgment pursuant to Rule 60(b) (6). The denial of this motion is the subject matter of this appeal.[2]

The contention of counsel for appellant is that as his client was not notified by the clerk of the entry of the default judgment he was entitled to proceed under Rule 60 (b) (6) "and the Trial Court in the exercise of sound judicial discretion should have granted relief thereunder." He does not contend that the failure of the clerk to give notice of the default judgment renders that judgment invalid but that "failure to give notice of default granted out of Appellant's presence stayed the running of the time limitation for vacating judgments."

There is nothing in the record to indicate that the court applied any particular time limitation adversely to appellant when it refused to set aside the default. It merely exercised its discretion and denied relief under Rule 60(b) (6).

Appellant admits receiving copies of appellee's motion to vacate the dismissal and of his later motion to enter a default, but argues that because he did not know of the default entry he was justified in relying "on the continuing effect of the Clerk's prior official notification of dismissal sent 17 months previously." We do not agree. He was put on notice that appellee had filed a motion to set aside the dismissal and that a hearing had been set for that motion; he completely ignored this proceeding. He was also put on notice that appellee had filed a motion for a default, because of his own failure to answer the interrogatories, and that a hearing had been set on this motion; he ignored this hearing. In our opinion he had good reason to believe that the case had been reinstated and that a default was being sought; consequently, he had no right to rely on the prior dismissal.

We accordingly cannot say that the court abused its discretion in denying him relief under Rule 60(b) (6).

Affirmed.

---

1. The pertinent provisions of this Rule are: "If a party * * * fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may * * * enter a judgment by default against that party."

2. This section of the Rule gives the court discretion to set aside a judgment for any "* * * reason justifying relief [other than those reasons specifically mentioned] from the operation of the judgment" if a motion is "* * * made within a reasonable time * * *."