**Nural E. WARD, Appellant,**

v.

**ESSO STANDARD OIL COMPANY, a corporation, Appellee.**

**No. 2450.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 18, 1960.

Decided April 7, 1960.

———◆———

B. Dabney Fox, Washington, D. C., for appellant.

Bernard D. Lipton, Washington, D. C., with whom Roy H. Duesterdick, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

This appeal is from an order denying a motion to set aside a default judgment and to quash the attachments issued on the judgment.

The record shows that on October 31, 1957, appellee sued for fuel furnished to appellant in the amount of $2969, alleging that the sum claimed was a liquidated sum. On November 5, 1957, service of the complaint was had. Upon failure of appellant to appear or answer within the prescribed period, default judgment was taken on December 6, 1957. Appellee filed attachments on the judgment in 1957 and 1958, but they were ineffectual.

On March 4, 1959, an attachment was issued against appellant's employer, resulting in a judgment of condemnation on March 23 of $30 wages due appellant; on April 7, another attachment was issued against the same employer, resulting in the condemnation of $15 wages due on April 23.

On May 1, 1959, the motion to vacate the judgment and set aside the attachments was filed. In his affidavit in support of the motion, appellant states:

"* * * [H]e received a copy of the complaint and summons filed herein and gave the same to his attorney [not his present counsel] to answer within the time prescribed. Your affiant told his attorney of the circumstances involved in this action and assumed that the answer had caused the plaintiff in good conscience to abandon the action when your affiant heard nothing further till an attachment was issued on, to wit, March 23, 1959."

If we regard the motion as coming within the provisions of Rule 60(b) (1) permitting the setting aside of a judgment for "[m]istake, inadvertence, surprise, or excusable neglect" the court had no jurisdiction to grant it because the rule requires that it be filed within three months after judgment; here the time lag was almost 17 months. If it be viewed as based on 60 (b) (6) allowing relief for "[a]ny other reason justifying relief * * *", the court in its discretion could have set aside the judgment if the motion had been made "within a reasonable time". Assuming that the motion could have been treated as one coming within the provisions of 60(b) (6), we find no abuse of discretion in the court's denial of it.

Affirmed.