Earl A. LEE, Appellant,

v.

HENRY J. ROBB, INC., a corporation, Appellee.

No. 2614.

Municipal Court of Appeals for the District of Columbia.

Argued Aug. 22, 1960.

Decided Sept. 21, 1960.

Frederick R. Wilson, Washington, D. C., for appellant.

Albert Ginsberg, Washington, D. C., with whom Joseph H. Schneider and Herbert D. Horowitz, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, HOOD, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

CAYTON, Acting Judge.

Appeal from an order denying a motion to vacate a default judgment. The action was for rent and the judgment was entered in August 1959. The motion to vacate was filed some six months later, after attachment of defendant's salary. It was accompanied by an answer asserting that defendant had vacated the premises with plaintiff's consent prior to the period involved in the suit. Defendant also filed an affidavit reciting that he had engaged a man he thought to be a lawyer and who he understood would defend the suit in his behalf. Plaintiff filed two affidavits disputing defendant's allegations; one of these specifically recited that defendant had said he did not intend to take any steps to defend the case. After arguments by counsel the court overruled the motion to vacate.

■ One of appellant's contentions is that the judgment was void because plaintiff produced no proof that the property had not been re-rented during the period involved. This was a matter of defense, and there is no requirement that a plaintiff produce such proof when a defendant defaults. We must reject the claim that the judgment was void.

■ Another argument is that defendant was improperly denied an opportunity to present oral testimony at the hearing on the motion to vacate. The record does not show an actual proffer of testimony or indication of why it was needed to supplement the affidavits, which covered the factual situation with seeming fullness. This claim of error cannot be sustained.

■ Appellant says he does not plead mistake, inadvertence, surprise, or excusable neglect, and that his motion was not filed under Municipal Court Rule 60(b) (1) which prescribes a ninety-day filing limit. It would, therefore, appear that the situation is governed by Rule 60(b) (6) which contains the catch-all phrase, for "any other reason justifying relief from the operation of the judgment," and which requires motions to be filed "within a reasonable time." The effect of the ruling below is that defendant did not act within a reasonable time. On the record before us we cannot say that the ruling was an improper exercise of discretion. Further discussion seems unnecessary, since the subject has been carefully considered and decided in a large number of cases. Among them are: Ward v. Esso Standard Oil Company, D.C.Mun.App., 159 A.2d 671; Hodgson v. Tze Chang Tang, D.C.Mun.App., 154 A.2d 351; Waxler v. Levin, D.C.Mun.App., 131 A.2d 294; Fort Stevens Pharmacy v. Hollywood Credit Clothing Co., D.C.Mun.App., 126 A.2d 309; Ellison v. Hollywood Credit Clothing Co., D.C.Mun.App., 121 A.2d 484; Holden v. Peters, D.C.Mun.App., 116 A.2d 155; Allen v. Trivett, D.C.Mun.App., 98 A.2d 787; Blacker v. Rod, D.C.Mun.App., 87 A.2d 634.

Affirmed.