**Dr. Hardie MEAKIN, Appellant,**

v.

**Robert E. MARTIN, t/a Martin Brothers, Appellee.**

No. 3112.

District of Columbia Court of Appeals.

Argued Nov. 26, 1962.

Decided Jan. 18, 1963.

---

---

Wallace L. Schubert, Washington, D. C., for appellant.

Thomas M. Knebel, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee filed a complaint seeking to recover the amount due on a promissory note together with interest and attorney's fees. The complaint was not verified, no affidavit was filed, and the certificate of the notary was merely an authentication of appellee's signature.[1] Personal service was obtained, and when no answer was filed the clerk of the trial court entered judgment by default. Seventeen months later appellant moved to set aside the judgment on the ground that the clerk was not authorized to enter judgment in the absence of a verified complaint or affidavit, and that without authorization the entry was void. This appeal is from the order of the court below denying the motion.

In any action arising *ex contractu* when the plaintiff's claim is for a sum certain and a verified complaint or affidavit has been filed and served upon the defendant, insofar as is pertinent Rule 39A(a) of the trial court authorizes the clerk to enter judgment if the defendant is in default for failure to appear and defend.[2] Under the provisions of Rule 60(b) the court may relieve a party from final judgment for various reasons, including mistake and inadvertence or when the judgment is void. A motion for relief for mistake and inadvertence must be made not more than three months after the judgment was entered.[3]

1. "STATE OF VIRGINIA
"County of Arlington, to-wit:
"I, J. T. Butler, a Notary Public in and for the said State and County, do hereby certify that this day personally appeared before me in my said State and County, Robert E. Martin, whose name is signed to the foregoing Complaint, and acknowledged the same before me in my County.
"My commission expires June 19, 1962.
"Given under my hand this 13th day of July, 1960.
"/s/ J. T. Butler
"Notary Public aforesaid"

2. "(a) In any action arising *ex contractu*, when the plaintiff's claim against a defendant is for a sum certain or for a sum which by computation may be made certain, and the plaintiff shall have filed, at the time of bringing his action, a complaint verified by himself or by his agent, or shall have filed with his complaint an affidavit executed by himself or by his agent, and if said verified complaint or said affidavit shall set out the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and a copy of said verified complaint or affidavit shall have been served upon the defendant, the clerk, upon request of the plaintiff or of his attorney, shall enter judgment for that amount and costs against the defendant, if the defendant is in default for failure to appear and defend, as provided in Rule 12, and provided further if the plaintiff or his attorney shall file at the same time an affidavit in compliance with the Soldiers and Sailors Civil Relief Act of 1940, as amended."

3. "(b) On motion, and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * (4) the judgment is void; * * *. The motion shall be made within a reasonable

The court ruled that judgment had been entered by the clerk through mistake and inadvertence and concluded that it was without jurisdiction to entertain the motion to set it aside more than three months after entry of judgment. In the absence of a verified complaint or affidavit we are of the opinion that the entry of judgment against appellant represents more than mere mistake or inadvertence. The authority of the clerk to enter judgment by default without judicial participation may be exercised only as and when Rule 39A(a) provides. Entry of judgment in excess of that authority is a nullity and void.[4]

Reversed.

time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken. * * *"

4. Cf. Holden v. Peters, D.C.Mun.App., 116 A.2d 155 (1955).