Winifred M. GOUDIE, Appellant,

v.

WILLIAM NORWITZ COMPANY, Appellee.

No. 5720.

District of Columbia Court of Appeals.

Argued June 7, 1971.

Decided Aug. 6, 1971.

---

—◆—

Winifred M. Goudie, pro se.

Bardyl Rifat Tirana, Washington, D. C., for appellee.

Before HOOD, Chief Judge, KELLY, Associate Judge, and QUINN, Associate Judge, Retired.

HOOD, Chief Judge:

This appeal is from the refusal of the trial court to set aside a judgment by default entered by the Clerk of the trial court. Appellant attacks the default judgment on several grounds. Finding one of those grounds valid, we reverse and do not pass upon the other grounds.

GS Civ.Rule 55(a) (1), in existence at the time the default judgment was entered, provided:

In any action arising ex contractu, when the plaintiff's claim against a defendant is for a sum certain or for a sum which by computation may be made certain, and the plaintiff shall have filed, at the time of bringing his action, a complaint verified by himself or by his agent, or shall have filed with his complaint an affidavit executed by himself or by his agent, and if said verified complaint or said affidavit shall set out the sum he claims to be due, exclusive of all set-offs and just grounds of defense, and a copy of said verified complaint or affidavit shall have been served upon the defendant, the clerk, upon request of the plaintiff or of his attorney, shall enter judgment for that amount and costs against the defendant, if the defendant is in default for failure to appear, as provided in Rule 12, and provided further if the plaintiff or his attorney shall file at the same time an affidavit in compliance with the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. (Revised January 1, 1964)

Appellee's complaint for money due and owing, was not verified, and there was not filed with the complaint an affidavit in accordance with the above quoted rule. After an alias summons had been issued and returned showing personal service, appellee's attorney filed a verification of the complaint and mailed a copy to appellant. Thereafter, when appellant had failed to answer the complaint, the Clerk entered judgment "by default on verified demand * * *." As a prerequisite to entry of judgment by the Clerk, the rule plainly requires that at the time of bringing the action, that is, when the complaint is filed, the complaint be either verified or accompanied by an affidavit.[1] That was not done here and the filing of a verification or affidavit some months after the complaint was filed was not authorized by the rule.[2]

The Clerk's power to enter a default judgment is created by the rule, and he can

---

1. GS Civ.Rule 55(a) (1) was in part patterned after Rule 16 of the trial court's predecessor, the Municipal Court of the District of Columbia, which in turn was patterned after Rule 73 of the former Supreme Court of the District of Columbia. See Fidelity & Deposit Co. v. United States, 187 U.S. 315, 23 S.Ct. 120, 47 L.Ed. 194 (1902), aff'g 20 App.D.C. 376.

2. Present Rule 55(b) (1) of the Superior Court is patterned in part after former GS Civ.Rule 55(a) (1) and Fed.R.Civ.P. 55(b) (1). Unlike GS Civ. Rule 55(a) (1), both the federal rule and the trial court's present rule permit the filing of the affidavit after the filing of the complaint.

exercise that power only where there has been strict compliance with the rule.[3] Appellee failed to comply with the rule; the Clerk lacked authority to enter judgment; and the purported judgment was null and void.[4] Appellant's motion to set aside the judgment should have been granted.

Reversed.

3. Annot., 158 A.L.R. 1091 (1945).

4. Meakin v. Martin, D.C.App., 187 A.2d 326 (1963).