**Remus H. ASKEW, Appellant,**

v.

**RANDOLPH CARNEY CO., Inc., et al.,**
**Appellees.**

No. 1725.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 5, 1955.

Decided Dec. 21, 1955.

John C. Ryan, Washington, D. C., with
whom Lyle L. Robertson, Washington,
D. C., was on the brief, for appellant.

No appearance for appellees.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This appeal is from an order setting
aside a default judgment and quashing an
attachment. Named as defendants were a
corporation and also three trustees, one of
them an attorney. In an affidavit in sup-
port of the motion the defense attorney,
acting for all the defendants including him-
self, stated that the complaints served up-
on defendants were misplaced by him in
the process of changing secretaries and
that the matter was completely overlooked
until October 6, 1955, when notice of the
default was received. (The judgment was
entered September 26.) The affidavit also
alleged a good and meritorious defense,
and in their answers accompanying it, de-
fendants stated they had paid plaintiff in
full.

No authority need be cited for
the proposition that motions under Mu-
nicipal Court Rule 60(b) are addressed to
the sound discretion of the court, and that
decisions thereon should not be set aside
unless it is shown that such discretion has
been abused. This is particularly true re-
garding the vacating of a default judg-
ment. It has been the consistent policy of
the courts to favor a trial on the merits.
As this court said in Manos v. Ficken-
scher, D.C.Mun.App., 62 A.2d 791, 792:
"In passing on a motion to relieve from
default a court must weigh competing con-
siderations. On the one hand, it is im-
portant that cases be decided on their mer-
its, and, on the other hand, it is important
that litigation be concluded finally and with

reasonable dispatch." It has many times been said any doubt should be resolved in favor of the motion, to the end of securing a trial on the merits, and that only where there has been a clear abuse of discretion will the ruling in such cases be reversed.

■ Defense counsel could probably have been more careful and alert to prevent a default judgment against his clients and himself. But the motion to vacate was filed ten days after notice of the default, and under all the circumstances the trial judge was not required to rule that the neglect was inexcusable.

We remind counsel, as we did in Manos v. Fickenscher, supra, that like other courts, we do not condone wilful or negligent disregard of court process, rules, or orders. We also offer the suggestion that considerations of professional courtesy might have prompted defense counsel to justify his position by filing a brief in this court, instead of foregoing that opportunity as he did. But, as has recently been said, courts are reluctant to attribute to parties the errors of their legal representatives. Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34.

Affirmed.