**Jane Nelson CREEGER, Appellant,**

v.

**Frances MANUEL, individually and t/a Frances et Frances, Appellee.**

**No. 2379.**

Municipal Court of Appeals for the District of Columbia.

Argued April 27, 1959.

Decided July 28, 1959.

---

Milton Dunn, Washington, D. C., for appellant.

Mark P. Friedlander, Jr., Washington, D. C., with whom Mark P. Friedlander, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from an order granting a motion to vacate a default judgment and to quash an attachment. Appellant, after personal service on appellee, secured a judgment by default on July 24, 1958. On January 2, 1959, she attached certain funds in appellee's bank account; on January 19, 1959, counsel for appellee filed a motion to quash the attachment and to vacate the default judgment, supported by an affidavit of his client, and after a hearing on February 16, 1959, the motion was granted.

In the supporting affidavit of appellee she asserts that after she was served with the complaint she contacted the attorney for appellant and it was agreed between them that she would make monthly payments of $50 on the claim until it had been paid in full; that she made certain payments aggregating $250, pursuant to the agreement, in the following manner: May 27, 1958—$50; July 31, 1958—$100; September 2, 1958—$50; October 11, 1958—$50; that in accepting these payments it was agreed and understood that no further action would be taken in the matter and that specifically no judgment would be entered against her; that she did not know that a judgment by default had been entered on July 24, 1958; that it had been taken without notice to her and did not correctly reflect the payments she had made towards satisfying the claim.

Counsel for appellant denied that there was any agreement to withhold entry of judgment. It should also be noted that ap-

pellee denies that she was indebted to appellant in any amount.

Appellee relies upon Rule 60(b) (6) permitting the vacating of a judgment for "any * * * reason justifying relief from the operation of the judgment" providing the motion be made within a reasonable time.

This court has on many occasions discussed the operation of various provisions of Rule 60(b) and we said in Askew v. Randolph Carney Co., Inc., D.C.Mun.App., 119 A.2d 116:

> "No authority need be cited for the proposition that motions under Muncipal Court Rule 60(b) are addressed to the sound discretion of the court, and that decisions thereon should not be set aside unless it is shown that such discretion has been abused. This is particularly true regarding the vacating of a default judgment. It has been the consistent policy of the courts to favor a trial on the merits. * * * It has many times been said any doubt should be resolved in favor of the motion, to the end of securing a trial on the merits, and that only where there has been a clear abuse of discretion will the ruling in such cases be reversed."

Counsel for appellee contends that the court lacked jurisdiction to vacate the judgment and quash the writ because the motion was not filed in time. This would be so if the motion had been predicated upon Rule 60(b) (1), (2) or (3). As we perceive it, the motion is not based on those sections of the rule but upon sub-division (6) permitting, as we have said, the motion to be filed within a reasonable time.

Accordingly, if the court was of the opinion that the motion was filed within a reasonable time, it could in its discretion grant it. Under the circumstances of this case we see no abuse of discretion.

Affirmed.