## HOLLYWOOD CREDIT CLOTHING CO.,
Inc., a corporation, Appellant,

v.

### Roland VENEY and Otero L. Veney,
Appellees.

No. 2542.

Municipal Court of Appeals for the District of Columbia.

Submitted April 11, 1960.

Decided June 7, 1960.

Alvin L. Newmyer, Jr., Washington, D. C., for appellant.

Leroy H. McKinney and Ena M. St. Louis, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This appeal is from an order vacating a default judgment. Appellant sued appellees for $244.29, the purchase price of a Hi-Fi set. Suit was brought on March 3, 1959, appellees were served on March 4, and judgment by default was entered against them on March 31. A writ of attachment against the wife was issued on July 14, 1959, and credits in the hands of her employer were seized; a second attachment against her was subsequently issued and additional credits obtained. On July 24, appellees filed a motion to vacate the default and quash the attachment, accompanied by a supporting affidavit which alleged that they:

"* * * were served a copy of the plaintiff's complaint, upon receipt of which they called plaintiff's store to get an explanation as to why the suit was being brought inasmuch as the merchandise had been returned to plaintiff's store two weeks after it had been purchased; that the person in plaintiff's store, whose name [they] failed to secure, checked the record and admitted to [them] that the merchandise had been returned and that they should not worry about it; that believing that this meant the suit would be dropped, [they] failed to file an answer and had no idea that a judgment had been entered against them until

[appellee] Otero Veney's salary was garnished. That the only reason [they] did not answer the complaint was because they relied on plaintiff's statement that 'everything was all right'; that [they] have a good defense to the action."

Appellant filed an answer in opposition accompanied by controverting affidavits.

At the hearing, the wife reiterated the facts alleged in the affidavit. She testified that she had purchased the Hi-Fi set on or about January 19, 1959; that it was defective and subsequently replaced by a repairman sent out by appellant in response to her telephone call; that the second set was also defective, and that when she informed appellant, she was told to bring the set back herself. When she returned the set, she was informed it would be repaired and held for her. She stated that appellant refused to give her a receipt for the set. Her testimony relative to the return of the merchandise was corroborated by two witnesses. Testimony by appellant was to the effect that it received no calls from appellees and that the merchandise was never returned. The court then granted appellees' motion, and this appeal followed.

The action of the court was predicated upon Rule 60(b) (6) which permits relief for "any other reason justifying relief from the operation of the judgment," providing the motion is made "within a reasonable time." Here, the judgment was entered on March 31; the first attachment was issued on July 14; and the motion was filed on July 24, less than two weeks after appellees learned that there was a judgment against them. As we have stated:

"No authority need be cited for the proposition that motions under Municipal Court Rule 60(b) are addressed to the sound discretion of the court, and that decisions thereon should not be set aside unless it is shown that such discretion has been abused. This is particularly true regarding the vacating of a default judgment. It has been the consistent policy of the courts to favor a trial on the merits. * * * It has many times been said any doubt should be resolved in favor of the motion, to the end of securing a trial on the merits, and that only where there has been a clear abuse of discretion will the ruling in such cases be reversed." [1]

Thus the court by its action held that appellees' motion was filed within a reasonable time. We find no abuse of discretion.

Affirmed

---

1. Askew v. Randolph Carney Co., D.C.Mun. App.1955, 119 A.2d 116–117. See Creeger v. Manuel, D.C.Mun.App.1959, 153 A.2d 647.