**DISTRICT DISCOUNT COMPANY, Inc.,**
**Appellant,**

**v.**

**James PORTER, a/k/a James Parter, and**
**Max Greenwald & Sons, Inc., a corpora-**
**tion (garnishee), Appellees.**

**No. 2546.**

Municipal Court of Appeals for the
District of Columbia.

Submitted April 18, 1960.

Decided June 15, 1960.

---

1. It was subsequently developed in its amended complaint that the note was given pursuant to the purchase by Porter of an automobile from Security Motors that had been repossessed and resold.

2. It should be noted that the conditional sales contract discloses that the total

Leonard B. Meyers, Washington, D. C., for appellant.

Julius Poms, Washington, D. C., for appellee Porter.

Henry S. Snyder, Washington, D. C., for appellee Greenwald.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This is an appeal from an order granting Porter's motion to set aside a default judgment. The only question presented here is whether the court abused its discretion in setting aside the judgment under the authority of its Rule 60(b) (6) permitting it to set aside such a judgment for "[a]ny other reason justifying relief," provided an appropriate motion is made within a "reasonable time."

The facts before the court when it vacated the judgment and the writ of attachment issued upon it were as follows. Appellant in its original complaint filed on January 13, 1959, sued for the claimed balance due on the promissory note Porter had given to Security Motors in the amount of $1,533.12 and 15% attorney's fee.[1] Porter pro se on January 27 filed an answer to this complaint averring that at the time of the purchase he had made a down payment of $500, that the car "broke down" within a few days, when he returned it to Security Motors and had never seen it since. On February 3 appellant filed a motion for leave to file an amended complaint on the ground that the automobile had been repossessed, resold and the proceeds applied to the balance due. The court granted leave to file the amended complaint, which reflected credits of $1,151.62 in favor of Porter, leaving a claimed balance due of $381.50.[2]

cash sales price for the car was $1495; Porter made a cash down payment of $500, leaving a net balance due of $995. There was added to the net balance $538.12 consisting of "Cost of Insurance and Summary of Coverage $57", "Life H & A 24 Mos. $176.30" and "Amount

Porter failed to answer the amended complaint and a default was entered against him on May 4, 1959. There was attached to his motion to set aside the judgment an answer denying any indebtedness, also an affidavit to the effect that he had appeared for trial on two different dates, that the case was continued each time and that he had not been informed that a new trial date had been set.

The court decided "that since defendant [Porter] had filed an answer and had appeared for trial on two prior occasions, it seemed clear that [he] in fact intended to litigate and not let the matter go by default * * *." It accordingly set aside the default judgment and quashed the last attachment issued on it.

Appellant contends that Porter was present in open court when a new trial date was fixed after the latter had appeared on two former occasions without counsel and that the new date of May 4 was set to give him an opportunity to secure an attorney. The record also shows that on August 11 and September 1 appellant secured judgments of condemnation in the aggregate of $239.60 against Greenwald, garnishee, as a result of attachments issued.

The court was confronted with a situation wherein appellant claimed Porter knew of the trial date and did not appear and that following the default the latter's wages were twice attached. Porter claims he did not know of the new trial date and that he had a defense to the action. We feel that the court could have found for appellant, but as we said in Askew v. Randolph Carney Co., D.C.Mun.App., 119 A.2d 116, "[i]t has been the consistent policy of the courts to favor a trial on the merits. * * It has many times been said any doubt should be resolved in favor of the motion, to the end of securing a trial on the merits, and that only where there has been a clear

abuse of discretion will the ruling in such cases be reversed." We find no such abuse here.

Affirmed.

---

of Finance Charge $304.82"; thus adding more than 50% to the net balance

due. In the amended complaint an insurance rebate of $151.62 was allowed.