Ida CAHAN, Appellant,

v.

James G. COKAS, t/a Brightwood Realty
Company, Appellee.

No. 2623.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 5, 1960.

Decided Dec. 14, 1960.

Leonard S. Melrod, Washington, D. C.,
with whom Joseph V. Gartlan, Jr., Wash-
ington, D. C., and Edward M. Statland, Mt.
Rainer, Md., were on the brief, for appel-
lant.

Herman Miller, Washington, D. C., for
appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code §
11–776(b).

QUINN, Associate Judge.

This is an appeal from an order denying
appellant's motion to set aside a default
judgment. We are asked to determine
whether the trial court erred in failing to
rule affirmatively under Rule 60(b) (6)
which authorizes the vacating of a default
judgment for "any other reason justifying
relief" upon timely application therefor.

The facts of this protracted controversy
are as follows: On February 21, 1950, ap-
pellee, a real estate broker, brought suit
against appellant for a commission of $787.-
50, allegedly due for transacting the sale
of her home.[1] Appellant filed an answer
denying the claim. Specifically, she con-
tended that the sale had been cancelled with
appellee's consent when he did not locate
another satisfactory home for her as had
been agreed. The case remained dormant
for the next two and one-half years until

---

1. Suit was originally brought against appellant and her husband, now deceased.

July 14, 1952, when appellee asked appellant's consent to have the case calendared for trial. Appellant agreed and trial was set for February 3, 1953. It is acknowledged by counsel for both sides that they were so advised by notices received in the mail. However, on February 3, the parties requested and were granted a continuance.

At the hearing on the present motion, counsel for the parties expressed some disagreement over what transpired after the continuance. At any rate, it seems clear that appellee appeared for trial on May 6, 1953, and by virtue of appellant's absence, a default judgment was entered, subject to ex parte proof. On March 6, 1954, according to an entry on the jacket of the case, judgment on ex parte proof in the amount of $787.50 was awarded appellee and this judgment was promptly docketed in the United States District Court. Code 1951, 15–103.

Five years later appellee sought to enforce his lien and accordingly instituted an action in the District Court. Upon receiving service of the complaint, appellant retained counsel who, in turn, consulted Mr. Melrod, her attorney in the prior action. Mr. Melrod was unable to furnish much detailed information on that case and its background because his records pertaining thereto had been placed in storage by that time. Counsel then entered into settlement negotiations with Mr. Miller, counsel for appellee, with the understanding "that no action would be taken until [they] could see if something could be worked out." When an agreement did not materialize, the matter was referred to Mr. Melrod who then moved to vacate the default judgment.

In District Discount Co. v. Porter,[2] we held that the failure to notify a defendant of a trial date provided sufficient basis for vacating a default judgment under Rule

60(b) (6). In that and earlier cases this court has consistently endorsed the view that Rule 60(b) motions be accorded liberal treatment. Thus, as we directed in Askew v. Randolph Carney Co., "* * * any doubt should be resolved in favor of the motion, to the end of securing a trial on the merits * * *."[3] Correspondingly, we have also taken the view that only a slight abuse of discretion is required to reverse the trial court's denial of such a motion.[4]

Appellant here seeks to set aside the judgment on the ground that she was not informed of the May 6, 1954, trial date or of the resulting disposition of the case until the District Court action was later commenced. Under the guiding rules set forth in the preceding paragraph, we believe that she was entitled to such relief. The only positive evidence bearing on this aspect of notice was Mr. Miller's sworn statement that he had received a mailed notice from the court and Mr. Melrod's testimony that he had not. Yet Mr. Melrod's uncontradicted testimony combined with the absence of a regular assignment card showing the trial had been scheduled for May 6, and more importantly, that notice had been sent to both parties, created a substantial doubt which, as we have noted, should have been resolved in favor of the defendant.[5] Appellant admits that she was apprised of the default judgment in early June 1959 when the District Court proceeding was instituted thereon, and that the motion to vacate the default judgment was not filed until the following October. Consequently, appellee takes the position that the court lost jurisdiction to grant relief because this lapse of approximately four months constituted an unreasonable delay.

We might be prone to agree with appellee if there were some evidence of bad faith on the part of appellant or perhaps some showing of negligence in waiting to file the

2. D.C.Mun.App.1960, 161 A.2d 830.

3. D.C.Mun.App.1955, 119 A.2d 116, 117.

4. Manos v. Fickenscher, D.C.Mun.App. 1948, 62 A.2d 791, 793.

5. We have been advised that the assignment office of the Municipal Court ordinarily retains such cards for a period of approximately three years.

motion. But no such factors were present here. During this interim the parties were engaged in settlement negotiations which were governed by an agreement contemplating a preservation of the status quo. Appellant was not free, therefore, to assail the default judgment until months later when the negotiations failed. At that time appellant acted with reasonable dispatch to set aside the default judgment. In addition, appellee can hardly complain of a comparatively slight delay when he waited for a period of two and one-half years before prosecuting his claim. Furthermore, there has been no showing that the rights of third parties have intervened or that the granting of the motion would affect the presentation of appellee's case.

In view of the unusual circumstances present in this case, we think the judgment should be set aside and the case tried on the merits.

It is so ordered.