**UNITED STATES LIABILITY INSUR-
ANCE CO., a corporation,
Appellant,**

v.

**Alvin HANDY, Appellee.**

No. 2776.

Municipal Court of Appeals for the
District of Columbia.

Argued July 10, 1961.

Decided Aug. 1, 1961.

Joel Savits, Washington, D. C., with
whom Samuel Barker, Washington, D. C.,
was on the brief, for appellant.

Theodore E. Lombard, Washington, D.
C., with whom James T. Reilly and Paul F.
Interdonato, Washington, D. C., were on
the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and SMITH, Chief Judge of The
Municipal Court for the District of Colum-
bia, sitting by designation.

SMITH, Judge.

Appellant insurance company, a Pennsyl-
vania corporation not licensed to do busi-
ness in the District of Columbia, issued an
automobile insurance policy to a Virginia
dealer and appellee, a resident of the Dis-
trict of Columbia. The record reveals that
appellee entered into the contract of in-
surance in the District of Columbia and
that the policy was countersigned by a rep-
resentative of the company in Virginia.
Subsequently, appellee filed suit against ap-
pellant for damages to his vehicle and
served the Superintendent of Insurance for
the District of Columbia. On January 5,
1960, the superintendent sent a copy of the
complaint and summons to appellant corpo-
ration. The next day appellant mailed a
letter to the superintendent denying liability,
which letter remained unanswered. A de-
fault judgment was taken by the appellee
on April 12, 1960. Appellant claims that it
first became aware of the judgment on Au-
gust 1, 1960, when contacted by appellee's
attorney. On October 27, 1960, appellant
filed a motion to set aside the default judg-
ment on the grounds of invalid service of
process or in the alternative for "mistake,
inadvertence or neglect." The trial court
denied the motion and this appeal followed.

Appellant first contends that it was not amenable to substituted service of process because it had not engaged in sufficient business activity to bring it within the scope of Code 1951, § 35–1327(a) (1). This statute provides that "the issuance or delivery of a policy or contract of insurance in this District, to a citizen or resident thereof, by a foreign or alien company transacting business in this District without a certificate of authority, shall be deemed equivalent to an appointment by such company of the superintendent * * * to be its true and lawful attorney upon whom may be served all lawful process in any action or proceeding against it, arising out of such policy * * *."

■ We cannot subscribe to appellant's view that its activity did not subject it to service of process in the District. It has been held many times that, if the contract has substantial connection with the forum, it is not violative of due process for the courts of the forum to enter judgments binding on the parties.[1] Here the contract of insurance was entered into in the District, the insured automobile was located in the District, and, although it does not appear in the record, we can assume the premiums were paid by the insured, a resident of the District. In addition, the District has a manifest interest in the protection of property located within its jurisdiction as well as the protection of its citizens from out of town insurance companies refusing to pay claims.[2] The facts of this case can scarcely be distinguished from those of McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L. Ed.2d 223.[3] There the Supreme Court held a Texas insurance company amenable to process where an insurance contract was delivered in California, premiums were

mailed from there, and the insured was a resident. The court ruled that judgment could be entered against the Texas company by a California court despite the fact that the company had no offices or agents in California and apparently, with the exception of the policy involved, had never solicited or done any insurance business in the state.

■ In the alternative, appellant urges that if it is found that service was proper under § 35–1327(a) (1) of the Code, then the court abused its discretion in not vacating the judgment and ruling that appellant had not acted within a "reasonable time" as provided for in Rule 60(b) of the trial court. This rule provides in part that a court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; * * * (3) fraud * * * misrepresentation, or other misconduct of an adverse party; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken."

Admittedly appellant cannot make his motion to vacate the judgment under 60(b) (1), (2) or (3) since the motion was made more than three months after judgment was entered. Appellant argues that his motion should be considered under 60(b) (6) which places no three-month time limitation on what will be considered a "reasonable time." We hold otherwise. The language of appellant's motion—"mistake, inadvertence or excusable neglect"—is almost identical to that of 60(b) (1), and this court has consistently held that Rule 60(b) (6) cannot be used to nullify the three-month

1. McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, and cases cited therein.

2. See Security National Life Insurance Co. v. Washington, D.C.Mun.App., 113 A.2d 749.

3. This case is discussed in Note, "Jurisdiction Over Nonresident Corporations Based On A Single Act: A New Sole for International Shoe," 47 Geo.L.J. 342 (1958).

time limitation applicable to (1), (2) and (3).[4]

In view of the foregoing, the action of the trial court is

Affirmed.

4. Waxler v. Levin, D.C.Mun.App., 131 A. 2d 294; Fort Stevens Pharmacy, Inc. v. Hollywood Credit Clothing Co., D.C.Mun. App., 126 A.2d 309; Ellison v. Hollywood Credit Clothing Co., D.C.Mun.App., 121 A.2d 484; Allen v. Trivett, D.C.Mun. App., 98 A.2d 787.