**INVESTMENT BANKERS OF AMERICA, INC., Appellant,**

v.

**Charles SCHOOLS, Appellee.**

**No. 2871.**

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 18, 1961.

Decided March 5, 1962.

---

Hillel Abrams, Washington, D. C., for appellant.

Frank S. Morgan, Arlington, Va., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of the Municipal Court for the District of Columbia, sitting by designation.

HOOD, Chief Judge.

This appeal is from an order vacating a default judgment upon which attachment had been issued.

The action was brought by a stock brokerage firm for the deficiency balance resulting from its forced sale of securities alleged to have been purchased by the defendant. Defendant was personally served on March 22, 1960. On the morning of April 13, 1960, plaintiff's counsel obtained a default judgment on its verified complaint for failure of defendant to appear and answer. On that same day defendant's attorney delivered a copy of an answer at the office of plaintiff's attorney, but failed to file the answer with the court as required by its Civil Rule 12(a). Plaintiff's attorney did not become aware of this answer until several days later. When it came to his attention he did not notify de-

1. Code 1961, § 11–772.

fendant's attorney that the default judgment had been taken. On May 16, 1960, defendant's counsel served interrogatories on plaintiff's counsel but these were never answered. On December 16, 1960, an attachment was issued on the default judgment and was served on defendant's employer. On January 6, 1961, defendant moved to vacate the judgment.

As ground for vacating the judgment defendant's counsel alleged that the answer had not been timely served because his client had "inadvertently" furnished him with the wrong date of service and he had miscalculated the return day through "excusable failure to confirm the service date through the Marshal's office." Counsel also stated his client had a complete defense, but the motion to vacate was not accompanied by a verified answer as required by the trial court's Civil Rule 39(C) (c). The answer which had been served but not filed was unverified and consisted only of general denials.

Defendant's counsel also explained his failure to file the original answer and notice of interrogatories by saying "that it was the frequent custom, in Virginia, to file his pleadings on the date of the trial where timely service of a copy has been had on opposing counsel." He further explained that he had not inquired of plaintiff why answer to his interrogatories were not forthcoming because he believed that plaintiff was going out of business and would not pursue the claim. The trial court granted the motion to vacate, basing its action on the trial court's Civil Rule 60(b) (6).

■ Municipal Court Civil Rule 60(b), based on Federal Rule of Civil Procedure 60(b), 28 U.S.C.A., fixes a time limit of three months after judgment for the filing of a motion based upon grounds ('1) (2) and (3). Since the motion here was filed

almost nine months after judgment, it is clear that relief could not be granted on the ground of mistake, inadvertence, surprise, or excusable neglect.[1] And it is settled that mistake, inadvertence and excusable neglect, being specified in 60(b) (1), are not such "other reasons" as justify relief under 60(b) (6).[2] The trial court acted properly in not basing its ruling on defendant's allegations of inadvertence, mistake, and excusable neglect.

■ The trial court ruled that plaintiff's attorney had a duty to advise defendant's attorney of the default judgment, that the failure to do so had the effect of lulling defendant's attorney, and this brought the motion within the provisions of Rule 60(b) (6). For reasons hereafter stated we do not agree.

We know of no rule that required plaintiff's attorney to notify defendant's attorney that default judgment had been taken. The records of the court were open to defendant's attorney and he had the duty of keeping himself advised of the proceedings. His client had been sued and served with process and he had undertaken to represent his client's interest; but he filed no appearance or answer in court and made no effort to keep informed of the proceedings until nearly nine months later when his client's funds were attached. He cannot shift the responsibility for his inaction to opposing counsel. While professional courtesy might have suggested that plaintiff's attorney notify defendant's attorney of the default judgment, he was under no duty to do so.

This is a case of ordinary neglect and is not that exceptional case covered by 60(b) (6). Granting relief in this case under 60 (b) (6) would be in total disregard of the three months' limitation imposed on 60(b) (1) and this cannot be done. Cases relied upon by appellee, such as Barber v. Tur-

---

1. Mike's Mfg. Co. v. Zimzoris, D.C.Mun. App., 66 A.2d 414; Blacker v. Rod, D.C. Mun.App., 87 A.2d 634; Davis v. Peisner, D.C.Mun.App., 96 A.2d 512.

2. United States Liability Insurance Co. v. Handy, D.C.Mun.App., 173 A.2d 208.

berville, 94 U.S.App.D.C. 335, 218 F.2d 34; Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207, certiorari denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647, and Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242, are distinguishable because in all three cases the motion to vacate was made within one year after entry of judgment and was therefore timely under the federal rules.

Reversed with instructions to reinstate the judgment.