**WALKER–THOMAS FURNITURE COMPANY, a general partnership, Appellant,**

v.

**Beatrice A. JACKSON and Charles G. Jackson, Appellees.**

**No. 3170.**

District of Columbia Court of Appeals.

Submitted Feb. 18, 1963.

Decided March 21, 1963.

Harry Protas, Washington, D. C., for appellant.

William A. Davis, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

After agreeing to a consent judgment against them in connection with the purchase of certain goods and chattels from appellant partnership and to the dismissal with prejudice of a counterclaim in their answer, appellees about two years later moved to vacate this judgment under Rule 60(b). Both parties during this period were represented by counsel of record. The trial court granted the motion and this appeal ensued.

Appellant contends that the trial court was without jurisdiction to set aside this judgment, while appellees insist the action was correctly taken.

 The record is devoid of any showing as to what transpired before the trial court (if there was a hearing upon appellees' motion under Rule 60(b)) or under which subsection of the rule the judgment was set aside. Did the court act under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," as argued by appellees in their brief to this court? Certainly reasons (2) "newly discovered evidence," (3) "fraud," (4) "void judgment," or (5) "judgment has been satisfied, released," are not pertinent to the present case. Rule 60(b) further provides that for reasons (1), (2) and (3), the motion must be filed within three months after entry of judgment.[1]

Was the judgment set aside under (6) for "any other reason justifying relief from the operation of the judgment"? If so, the motion should have been filed "within a reasonable time." [2]

Our Rule 23(a) provides that the record brought to this court should include such evidence as is necessary to fully and clearly present the rulings of the trial court in which error is claimed. Here there is neither a statement of proceedings and evidence nor a reporter's transcript. We have had occasion to say repeatedly that it is the duty of the parties to bring us a record complete and adequate for the purpose of determining fairly and accurately the question or questions to be argued. This duty rests primarily upon appellant who asserts error in the trial court.[3] Without a complete record we are not permitted to guess or surmise what was before the trial court or the ground for its action. Both would be necessary in order to determine whether the court committed reversible error. Consequently we have no discretion except to affirm.

Affirmed.

---

1. Investment Bankers of America, Inc. v. Schools, D.C.Mun.App., 178 A.2d 325; United States Liability Insurance Co. v. Handy, D.C.Mun.App., 173 A.2d 208.

2. Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207; Cahan v. Cokas, D.C.Mun.App., 166 A.

2d 266; 7 Moore Fed.Practice Par. 60.27 (3).

3. Reich v. Kirstein, D.C.Mun.App., 186 A. 2d 229; Wood v. United States, D.C. Mun.App., 183 A.2d 563, and cases cited in footnote 6; Gray v. J. Leo Kolb Company, D.C.Mun.App., 160 A.2d 99.