**Bettie E. DOUGLAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 3394.**

District of Columbia Court of Appeals.

Submitted Jan. 14, 1964.

Decided Feb. 18, 1964.

---

14. In the present case, Robertson admitted intending to deal with a corporation

David E. Sloan, Baltimore, Md., for appellant.

William R. Simpson, Jr., and J. Robert Jones, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellee filed a complaint in the Landlord and Tenant Branch of the trial court for possession of real estate, alleging that appellant was a tenant holding over without right after a valid notice to quit. Thereafter judgment for possession was entered for appellee with a stay of execution for approximately five weeks. Prior to the expiration of the stay, appellant filed a motion to vacate alleging she had not been apprised of her rights and had neglected to obtain counsel. She contended that her neglect was excusable under the circumstances. Appellant also filed an affidavit stating that criminal charges pending against her had led to the eviction proceedings. The motion to vacate was subsequently denied and this appeal followed.

Appellant contends (1) it was error to enter judgment against her in the absence of counsel; (2) it was error for a different trial judge to hear the motion to vacate; and (3) it was error to sustain the order of eviction in view of the matters set forth in the affidavit.

What we have stated above comprises the record on appeal. There is no reporter's transcript or statement of proceedings and evidence. In her brief appellant states: "The ground of this motion cannot be fully understood without a brief recital of allegations made upon the argument of the motion." This court, however, cannot accept appellant's ex parte statements in lieu of a record. Since none of the assigned errors can be reviewed adequately without a proper statement of proceedings and evidence, the appeal shall stand dismissed.[1]

It is so ordered.

1. Walker-Thomas Furniture Company v. Jackson, D.C.App., 189 A.2d 123 (1963); Reich v. Kirstein, D.C.Mun.App., 186 A. 2d 229 (1962); Gray v. J. Leo Kolb Company, D.C.Mun.App., 160 A.2d 99 (1960).