**FRANKLIN INVESTMENT CO., Inc.,**
**Appellant,**

v.

**James BOYD, Appellee.**

**No. 3461.**

District of Columbia Court of Appeals.

Argued May 11, 1964.

Decided June 26, 1964.

Rehearing Denied July 16, 1964.

872

Denver Lee Russell, Washington, D. C., for appellant.

Albert N. Lobl, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

QUINN, Associate Judge:

This is an appeal from an order vacating a default judgment upon which attachment had issued.

The action was brought by appellant to recover the balance of a promissory note allegedly in arrears. On October 16, 1963, appellant obtained a default judgment, and thereafter a writ of attachment issued. On January 14, 1964, appellee moved to vacate the default and to quash the attachment. Appellee's motion was heard and granted on January 29, 1964, with leave to file an answer by February 6, 1964. Appellee's answer was timely filed and on February 7, appellant noted an appeal.

Appellant's first contention is that it was error for the trial court to vacate the default under Civil Rule 60(b) (1), (2) or (3). We are unable, however, to consider this contention because appellant has failed to provide us with a statement of proceedings and evidence indicating the arguments advanced and heard at the hearing on January 29, 1964. We cannot surmise what was before the trial court or the ground for its action. Accordingly, appellant's first contention cannot be reviewed. Walker-Thomas Furniture Company v. Jackson, D.C.App., 189 A.2d 123 (1963).[1]

Appellant's second contention is that the motion to vacate the entry of default was not accompanied by a verified answer as required by Civil Rule 55(e) (2).[2] The trial court, however, after hearing the arguments of counsel granted appellee leave to file an answer by February 6, 1964. Due to the incomplete state of the record we cannot say that under the circumstances such leave was

---

1. A motion to vacate under Civil Rule 60 (b) (1), (2) or (3) must be filed within three months after the entry of judgment. We note that the motion here was made within the three-month period.

2. Previously Civil Rule 39(C) (c).

improper or that the requirements of the rule were not satisfied. Cf. Lombard v. Welch, D.C.Mun.App., 104 A.2d 416, 418 (1954). Accordingly, the judgment is

Affirmed.