**CALVERT CREDIT CORPORATION,**
**Appellant,**

**v.**

**Cleo A. FOSTER and Lola A. Foster,**
**Appellees.**

**No. 4448.**

District of Columbia Court of Appeals.

Argued Feb. 11, 1969.

Decided April 25, 1969.

A. Fred Freedman, Washington, D. C., with whom Robert L. Freedman, Washington, D. C., was on the brief, for appellant.

J. Kirkwood White, for appellees.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge.

This is an appeal from an order vacating a default judgment.[1]

On April 22, 1966, appellees (Cleo and Lola Foster) received notice that an action had been instituted against them by appellant on a promissory note executed by appellees and made payable to Sidlis Sales Corporation, which apparently negotiated it to appellant. Upon receipt of the summons, appellee Cleo Foster contacted and entered into an agreement with Credit Advisors, Incorporated, whereby the latter was authorized to handle several of appellees' accounts, including the one with appellant.[2] Appellees never contacted appellant nor answered appellant's complaint. On May 19, 1966, a default judgment was taken against appellees for the full amount of the note. They were not aware of the default judgment until appellee Cleo Foster learned that his wages were being attached. Then, on May 17, 1967, appellees moved to have the judgment vacated under GS Rule 60(b) (6). The trial court granted the motion on the basis of appellees' reliance on the agreement between Cleo Foster and Credit Advisors and the fact that Lola Foster was an infant.[3]

An order vacating a default judgment is not a final order and is not appealable unless the court vacated the judgment after the time within which it had the power to do so.[4] In the instant case, appellee's motion was filed a year after judgment was taken against him. Therefore, unless the motion came within the scope of Rule 60(b) (6), the trial judge lacked jurisdiction to vacate the judgment.

It is well settled that the "any other reason" provision of Rule 60(b) (6) cannot be used to nullify the three month limitation of Rule 60(b) (1), nor can it include any of the grounds for relief provided elsewhere in Rule 60(b).[5] Here, there is no showing of fraud or misconduct on the

---

1. GS, Rule 60(b) of the trial court reads in pertinent part:

    "On motion, and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons:
    (1) Mistake, inadvertence, surprise, or excusable neglect;
    *     *     *     *     *
    (4) The judgment is void;
    *     *     *     *     *
    (6) Any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than three months after the judgment, order, or proceeding was entered or taken. * * *"

2. There is no contention that appellant was ever aware of the arrangement between Credit Advisors, Inc., and appellee Cleo Foster.

3. Appellant concedes that the judgment was void as to appellee Lola Foster because of her infancy and that the judgment against her was properly vacated under GS Rule 60(b) (4). Consequently, appellant's counsel at oral argument requested that its appeal be dismissed as to appellee Lola Foster. We now refer to Cleo Foster as appellee.

4. Smith v. Reese, D.C.App., 221 A.2d 439 (1966); Brenner v. Williams, D.C.App., 190 A.2d 263 (1963); Harco, Inc. v. Greenville Steel and Foundry Co., D.C. Mun.App., 112 A.2d 920 (1955).

5. Investment Bankers of America, Inc. v. Schools, D.C.Mun.App., 178 A.2d 325 (1962); Ellison v. Hollywood Credit Clothing Co., D.C.Mun.App., 121 A.2d 484 (1956); Allen v. Trivett, D.C.Mun. App., 98 A.2d 787 (1953).

part of Credit Advisors. Therefore, appellee's reliance on them can only be characterized as "mistake, inadvertence, surprise, or excusable neglect" under Rule 60 (b) (1).[6] Appellee has not alleged any circumstances which would justify the application of Rule 60(b) (6) to his situation. Since the motion of Cleo Foster to vacate the judgment came within the purview of Rule 60(b) (1) and since he filed it more than three months after entry of the order the trial court lacked jurisdiction to grant his motion.[7]

Appeal dismissed as to appellee Lola Foster.

Reversed with instruction to reinstate the judgment as to appellee Cleo Foster.

6. *Cf.* Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950), in which the Supreme Court held that appellant's reliance on the advice of another could not bring him within the provisions of Fed.R.Civ.P. 60 (b) (6), which is the model for GS Rule 60(b) (6).

7. The cases primarily relied on by appellee are inapplicable to the instant situation. In those cases the defendants relied on representations *by the plaintiff or the plaintiff's agent* that the suit would not be prosecuted. Hollywood Credit Clothing Co. v. Veney, D.C.Mun.App., 161 A.2d 464 (1960) ; Creeger v. Manuel, D.C.Mun.App., 153 A.2d 647 (1959).