**Villia THROWER, Appellant,**

v.

**HARRIS BEAUTY SUPPLY CO., Inc.,**
**Appellee.**

No. 5736.

District of Columbia Court of Appeals.

Argued Sept. 15, 1971.

Decided Nov. 19, 1971.

Alan V. Roberson, Washington, D. C., for appellant.

Earl F. Rieger, for appellee. Ronald D. West, Washington, D. C., was on the brief for appellee. Herbert S. Ezrin, Washington, D. C., also entered an appearance for appellee.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

PER CURIAM:

This appeal is from the dismissal of appellant's complaint with prejudice at the close of her case.[1] We affirm.

The statement of proceedings and evidence filed by the trial judge recites that on September 21, 1965, appellant deposited with appellee the sum of $1,000 for the purchase of beauty salon equipment, and that appellee then ordered from others the equipment contracted for. Appellant testified that sometime thereafter she instructed her attorney to cancel the contract. She also produced a letter from her attorney, dated July 22, 1966, which stated that he had collected $417 from appellee as reimbursement for the cost of six washbowls covered by the contract.

According to the trial court's statement, its ruling was based on a finding, contested on this appeal, that "[n]o testimony was submitted by Appellant showing that her attorney ever notified Appellee of the cancellation." A motion for new trial, based in part on the contents of another letter received by appellant from her attorney which had not been produced at trial, was denied on the ground that even with this additional evidence notice of cancellation was still lacking.[2]

Assuming that the term "cancellation" used in the statement of proceedings and evidence refers to a recision of the contract, we are not informed by the few facts recited there when the contract was supposedly rescinded, the reason for the alleged recision, or whether demand was made by appellant or her attorney for the return of the deposit or if so, when. We may surmise from the exhibits in evidence that something went awry after the deposit was made to appellee and that negotiations were then initiated to recover some or all of the money put into this business venture by appellant. The July 22 letter to appellant from her attorney states that he collected $417 from appellee, representing payment for six bowls at $69.50 each, and that "[appellee's representative] has assured me that he will furnish you supplies to work out an adjustment for the payment you made on account of the custom built equipment which he has not been able to sell." A statement sent to appellant by appellee under date of October 10, 1967, indicates that $417 of the $1,000 deposit on equipment was refunded, and that after additional charges for freight and "re-assignment to refused furniture" were deducted from the remaining $583 on deposit, there remained a $389 credit due appellant. As to this remaining credit, the statement provided: "This amount to be applied to merchandise only. Can be taken at will."

As we have earlier said: "In a case tried without a jury this court may review both as to the facts and the law, but the judgment may not be set aside except for legal errors 'unless it appears that the judgment is plainly wrong or without evidence to support it.' D.C.Code 1967, § 17–305(a) (Supp. IV, 1971)." Reese v. Crosby, D.C.App., 280 A.2d 526, 527 (1971). However, the predicate for appellate review is a record of sufficient detail to allow this court to decide whether or not the trial court committed an error justifying reversal. Manifestly, the paucity of information contained in this record forms no basis for a holding that the trial court

---

1. GS Civil Rule 41(b), then in effect, provides in pertinent part:
   After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. * * *

2. There is no written indication on any exhibit in the record from which we can tell whether its admission into evidence was with or without objection, nor does the statement of proceedings and evidence provide us with this information.

erred in finding for appellee at the close of appellant's evidence and dismissing the complaint with prejudice. Murchison v. Peoples Contractors, Ltd., D.C.App., 250 A.2d 920 (1969); D.C. Transit System, Inc. v. Milton, D.C.App., 250 A.2d 549 (1969); Franklin Investment Co. v. Boyd, D.C.App., 201 A.2d 871 (1964). To the contrary, based on what information we do have, the decision of the trial court appears correct.

Affirmed.