Susie **WATWOOD**, Appellant,

v.

Suzanne C. **HALL**, t/a C. S. Bock Realty and
Irving **Rosenberg**, t/a Benning Auto
Sales, Appellees.

No. 7452.

District of Columbia Court of Appeals.

Argued Oct. 14, 1975.

Decided Dec. 18, 1975.

Joseph H. Schneider, Silver Spring, Md., for appellant.

James T. Wright, Washington, D. C., for appellees.

Before KELLY and MACK, Associate Judges, and BELSON,* Associate Judge, Superior Court.

PER CURIAM:

Pursuant to the court's holding in a previous appeal of this case, a retrial was held on the counterclaim and the third-party complaint of appellant Susie Watwood.[1] Appellant proceeded pro se at the retrial of her case. At the conclusion of the presentation of the evidence a verdict was directed on her third-party complaint against appellee Rosenberg. Thereafter, the jury returned a verdict in her favor against appellee Hall in the sum of $100.

In our judgment none of the numerous errors advanced on this appeal have merit.[2] One matter does deserve comment, however, and that is appellant's assertion that she is prejudiced in the pursuit of her ap-

---

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

1. *Hall v. Watwood*, D.C.App., 289 A.2d 626 (1972).

2. Appellant claims that the trial judge precluded her from presenting certain motions pretrial and that he erred in limiting the is-

sues to be tried, in declaring one mistrial sua sponte, in denying her subsequent motion for mistrial, in denying her the opportunity to vacate the judgment in the first trial, in preventing the introduction of certain exhibits in evidence, and in failing to instruct the jury to determine the issues between the parties. She also complains of alleged prej-

peal by the absence from the record of the trial judge's instructions to the jury. This unusual sitation arose because the court reporter who was present at trial subsequently left the jurisdiction. As a result, counsel and both of our courts expended much time and effort attempting to obtain a full transcript of the trial proceedings. Ultimately, all necessary proceedings were transcribed with the exception of the court's instructions to the jury. During the long period of delay, however, in an effort to expedite the appeal, the trial judge was called upon to furnish this court with a Statement of Proceedings and Evidence.

In the Statement subsequently filed, the trial judge noted that the jury was instructed without objection. This statement is not challenged on the record by appellant or her counsel, who entered his appearance after trial, although in the brief counsel makes the general observation that objections and requests for additional instructions are missing from the prepared transcript. Conversely, counsel for appel-

lees insists that appellant made no objections to the court's instructions and submitted no requests of her own. He emphasizes, also, the lack of objection to the court's Statement of Proceedings and Evidence.

No specific error is alleged with respect to the substance of the court's jury instructions. There is only a general claim of prejudice because of an incomplete record for which neither party is responsible. We have, of course, held that an appellate court cannot intelligently review a judgment of the trial court on an inadequate record. *In re DeJ.,* D.C.App., 310 A.2d 834 (1973); *Franklin Investment Co., Inc. v. Boyd,* D.C.App., 201 A.2d 871 (1964). But there being no challenge to the trial judge's Statement of Proceedings and Evidence, we must accept his unqualified statement that no objection was made to the jury charge. Thus, appellant will not be heard to complain of the absence of jury instructions from the record.

Accordingly, the judgment on appeal is

*Affirmed.*

---

udicial interference by the court and counsel in the many interruptions of the presentation of her case. We have examined these allegations in light of the record and conclude that appellant has failed to demonstrate reversible error as to any of her claims. We note that the trial judge gave appellant ample oppor-

tunity to obtain counsel and that he was consistently patient, understanding and fair in his conduct toward her. We note also that the objections of counsel were in large part necessitated by appellant's pro se representation.